**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cr-0010 |
| ) | |
| AYALA A. KING, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**APPEARANCES:**

**MEREDITH J. EDWARDS, ESQ.**
U.S. ATTORNEY'S OFFICE
ST. THOMAS, U.S. VIRGIN ISLANDS
  *FOR PLAINTIFF THE UNITED STATES OF AMERICA*

**AYALA A. KING**
  *PRO SE.*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge**

  **BEFORE THE COURT** is Defendant Ayala King's ("King") Motion Under 28 U.S.C. § 2255 to Vacate, Set aside, or Correct Sentencing by a Person in Federal Custody. (ECF No. 85.) The Magistrate Judge issued a Report and Recommendation recommending that the Court deny the motion but vacate the convictions as to Count 14 and 17 of the Local Judgment. (ECF No. 127.) For the reasons stated below, the Court will adopt the Report and Recommendation to the extent it recommends denying the motion to vacate, set aside, or correct sentencing without an evidentiary hearing. However, the Court will reject the recommendation to vacate King's convictions as to Count 14 and 17 of the Local Judgment.

### I. FACTUAL BACKGROUND

  Because the Court writes for parties who are familiar with the facts and procedural history, the Court sets forth only those facts necessary to resolve the issue at hand.

  This matter arises out of King's challenge to his convictions and sentence for several offenses related to his participation in the murder and robbery of Leayle King, Sr. On May 2,

2013, a federal grand jury returned an indictment charging King under eleven counts including both federal and territorial crimes.[1] *See* ECF No. 1. Shortly after he was arraigned, King moved to suppress a 33-page statement he made to Detective Sehkera Tyson, to which the Court denied on May 22, 2013. (ECF Nos. 4 and 13.) In the days following, the Government offered King a plea agreement. Under the terms of the agreement, which expired the same day it was offered, the government proposed to dismiss all remaining counts against King if he pleaded guilty to Counts 7 and 15 of the Indictment. (ECF 98-2.) King rejected the Government's plea offer and subsequently moved for reconsideration of the Court's denial of his suppression motion. (ECF Nos. 16 and 17.) On May 28, 2013, the District Court reopened the suppression hearing and again denied the motion. (ECF No. 37.)

On July 5, 2013, a jury found King guilty on nine of the eleven counts.[2] *See* ECF No. 51. Of particular importance, for the purposes of this Memorandum Opinion, are Count 14 (Using an Unlicensed Firearm During the Commission of a First-Degree Assault 14 V.I.C. § 2253(a)) and Count 17 (Using an Unlicensed Firearm During the Commission of a Robbery 14 V.I.C. § 2253(a)).

Following King's conviction, the District Court then sentenced King to 120 months imprisonment for his federal crime, a violation of 18 U.S.C. § 924(c)(1)(a), which was to be served prior to the sentence for his territorial crimes. (ECF No. 80.) The Court subsequently entered a judgment against King for his territorial offenses for which King was sentenced to:

> Fifteen (15) years on Counts 10, 14, and 17, to be served consecutively to the terms of imprisonment imposed on the remaining local Counts 8, 11, 12, 15, and 18: Fifteen (15) years as a general sentence on Counts 8, 11, and 12, to be served concurrently with the sentences on Counts 15 and 18; Fifteen (15) years on Count 15, and Five (5) years on Count 18. The general terms on

---

[1] The Counts are as follows: Count 5: Possession of a Firearm in a School Zone (18 U.S.C. §§ 922(q)(2)(A), 924(a)(4)); Count 6: Discharge of a Firearm in a School Zone 18 U.S.C. §§ 922(q)(3)(A), 924(a)(4); Count 7: Use of a Firearm During the Commission of a Crime of Violence 18 U.S.C. § 924(c)(1)(A); Count 8: Attempted First Degree Murder 14 V.I.C. §§ 921, 922(a)(1), 331, 11(a); Count 10: Using an Unlicensed Firearm During the Commission of an Attempted Murder 14 V.I.C. § 2253(a); Count 11: First Degree Assault with Intent to Commit Murder 14 V.I.C. §§ 295(1), 11(a); Count 12: First Degree Assault with Intent to Commit Robbery 14 V.I.C. §§ 295(3), 11(a); Count 14: Using an Unlicensed Firearm During the Commission of a First-Degree Assault 14 V.I.C. § 2253(a); Count 15: First Degree Robbery 14 V.I.C. §§ 1861, 1862(1), 11(a); Count 17: Using an Unlicensed Firearm During the Commission of a Robbery 14 V.I.C. § 2253(a); Count 18: Conspiracy 14 V.I.C. §§ 551(1), 552.

[2] The jury found King guilty on Counts 7, 8, 10, 11, 12, 14, 15, 17, 18. (ECF No. 51.)

> Counts 8, 11, and 12 are to be served concurrently with the terms of imprisonment imposed on Counts 15 and 18, and consecutively with the general term of imprisonment imposed on Counts 10, 14, and 17.

(ECF No. 81.)

After the sentencings, King filed a direct appeal of his convictions to the United States Court of Appeals for the Third Circuit. (ECF No. 55.)[3] On February 19, 2016, the Third Circuit affirmed King's convictions and sentence.[4] (ECF No. 88.); *United States v. King*, 642 F. App'x 172, 174 (3d Cir. 2016). The Third Circuit then denied King's petition for a rehearing *en banc*. *United States v. King*, No. 13-4188 (3d Cir. May 2, 2016). On October 3, 2016, the United States Supreme Court also denied King's petition for certiorari. *King v. United States*, 137 S. Ct. 239 (2016).

Following the denial for certiorari, King timely filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on May 11, 2017.[5] (ECF No. 85.) The United States subsequently filed an opposition to King's motion to vacate on July 16, 2018, ECF No. 98, to which King filed a reply on July 30, 2018. (ECF No. 99.) Then on November 12, 2019, the Magistrate Judge issued an order permitting the parties to submit simultaneous briefings on the issue of whether *United States v. Hodge*, 870 F.3d 184, 198 (3d Cir. 2017), and *Titre v. People of the Virgin Islands*, 70 V.I. 797 (V.I. 2019), should be applied retroactively to King's 2014 conviction, and if so, how each were to apply in this case. (ECF No. 107.) The Government responded to the November 12 Order on December 12, 2019. (ECF No. 114.) King filed his response on December 30, 2019. (ECF No. 116.)

---

[3] The Third Circuit initially stayed King's appeal pending the District Court's entry of judgment. *See* ECF Nos. 55 and 57.

[4] On May 18, 2015, the Third Circuit issued an order amending its opinion. (ECF No. 88-3.) These changes involved minor alterations of phrases and citations that did not alter the Court's decision on the merits of the case. *See id.*

[5] The Antiterrorism and Effective Death Penalty Act of 1996 provides a one-year statute of limitations period for section 2255 motions, "running from the latest of" four specified dates. 28 U.S.C. § 2255(f) (2012). As in most section 2255 cases, the relevant date in this case is "the date on which the judgment of conviction becomes final." *Id.* Here, King's judgment of conviction became final on May 11, 2017, when the Supreme Court denied certiorari. *See Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999) ("[W]e hold that a judgment of conviction does not become 'final' within the meaning of § 2255 until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari."). Since May 11, 2017, is within one year of October 3, 2016, King's section 2255 motion was timely.

Then on July 6, 2020, the Magistrate Judge entered a Report and Recommendation recommending that the Court deny the § 2255 motion to vacate without an evidentiary hearing. (ECF No. 127.) Additionally, the Magistrate Judge recommended the convictions on Count 14 (Using an Unlicensed Firearm During the Commission of a First-Degree Assault under 14 V.I.C. § 2253(a)) and Count 17 (Using an Unlicensed Firearm During the Commission of a Robbery under 14 V.I.C. § 2253(a)) be vacated. *Id.* The Report and Recommendation was sent to King on July 8, 2020. *See* Hard Copy Notice on July 8, 2020. To date, King has yet to file an objection to the Report and Recommendation.

## II.   DISCUSSION

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). When a party is served by mail pursuant to Fed. R. Civ. P. 5(b)(2)(C),[6] the 14-day time-period within which a party may object to a magistrate judge' report and recommendation is extended to 17 days. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), . . . 3 days are added after the period would otherwise expire under Rule 6(a)."); *see also Pearson v. Prison Health Serv.*, 519 F. App'x 79, 81 (3d Cir. 2013) (explaining that when a party is served with a report and recommendation by mail, the period to file objections is 17 days).

When a magistrate judge issues a report and recommendation, the Court is required to review *de novo* only those portions of the report and recommendation to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3). When no objection to a magistrate judge's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting that while 28 U.S.C § 636(b)(1) "may not require, in the absence of

---

[6] Under Fed. R. Civ. P. 5(b)(2)(C), a "paper is served under this rule by mailing it to the person's last known address—in which event service is complete upon mailing."

objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of plain error") (internal quotations omitted).

Here, King was served with a copy of the Report and Recommendation by mail on July 8, 2020. *See* Hard Copy Notice at 1 on July 8, 2020. To date, King has failed to file an objection to the July 6, 2020 Report and Recommendation. As such, the Court will review the Report and Recommendation for plain error.

To reject or modify a report and recommendation under plain error review, a district court must find an error that is "plain, affects substantial rights, and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ludwikowski* 944 F.3d 123, 137 (3d Cir. 2019) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)). "A 'plain' error is one that is 'clear' or 'obvious.'" *Gov't of Virgin Islands v. Lewis*, 620 F.3d 359, 364 (3d Cir. 2010) (quoting *United States v. Turcks*, 41 F.3d 893, 897 (3d Cir. 1994)). After reviewing the record in this case and the July 6, 2020 Report and Recommendation, the Court finds no plain error in the recommendation to deny King's 2255 motion to vacate without an evidentiary hearing.

### A. Ineffective Assistance of Counsel Claims

King's section 2255 motion alleges that he received ineffective assistance of counsel at the pretrial stage, during trial and sentencing, and on appeal. *See* ECF No. 85. During the pretrial stage, King alleges that his defense counsel failed to communicate with him about the case, and in particular, the likely consequences of pleading guilty as opposed to proceeding to trial. (ECF No. 85 at 4.) Additionally, King asserts that his attorney did not file any substantive pretrial motions and failed to meaningfully negotiate a favorable plea agreement prior to trial. *Id*. Once King proceeded to trial, he argues his defense counsel

simply "never developed a real solid defense that could be presented." *Id.* at 14. During the sentencing stage, King claims his attorney (1) did not file substantive objections to the presentencing report; (2) failed to research, investigate, and challenge the sentencing calculations; (3) present mitigating evidence; or (4) object to his sentencing being substantively unreasonable because he was deprived of effective assistance of counsel. *Id.* Lastly, King claims that on direct appeal, he received ineffective assistance from appellate counsel because his attorney failed to raise stronger issues "more aggressively" and did not adequately communicate with him during the process or allow him to meaningfully participate in the appeal.[7] *See id.*

"The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding," including during sentencing in both capital and noncapital cases. *Lafler v. Cooper*, 566 U.S. 156, 165 (2012) (internal citations omitted). However, in order to prevail on an ineffective assistance of counsel claim, the petitioner must satisfy the two-prong test laid out in *Strickland v. Washington*. 466 U.S. 668, 674 (1984). "To satisfy Strickland's two-prong inquiry, counsel's representation must fall 'below an objective standard of reasonableness, and there must be a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Padilla v. Kentucky*, 559 U.S. 356, 357 (2010) (quoting *Strickland*, 466 U.S. at 688, 694.). The Supreme Court has made clear that the *Strickland* test is "highly deferential," *Harrington v. Richter*, 562 U.S. 86, 105 (2001), to attorneys and "surmounting Strickland's high bar is never an easy task" for a petitioner. *Padilla*, 559 U.S. at 371.

In light of the strong presumption that attorney conduct is reasonable under *Strickland*, the Court is unable to conclude that it was erroneous for the Magistrate Judge to find that defense counsel behaved in an objectively reasonable manner in all stages of the proceedings, and even if she did not, that her conduct did not unfairly prejudice the outcome of the case. The record reveals that King's attorney communicated with King about the case, conducted an adequate pretrial and sentencing investigation, presented evidence, cross

---

[7] King did not raise the argument that two of his firearm convictions should be vacated in light of *United States v. Hodge*, 870 F.3d 184, 198 (3d Cir. 2017). It was the Government who first raised this argument in its response to Defendant's section 2255 motion. (ECF No. 98 at 19-20.)

examined witnesses, filed substantive motions and objections throughout the litigation process, presented mitigating evidence at sentencing, and raised and zealously argued four substantive issues on appeal.[8] The only potential deficiency was whether King was adequately informed by counsel of his plea options—specifically the option to plead guilty without entering into a plea agreement. However, since King (1) acknowledged in his own brief that he was unwilling to take the government's plea deal, (2) has maintained his innocence throughout the proceedings up to this point,[9] and (3) offers no evidence to support that he was willing to plead guilty at the time, the Magistrate Judge did not err in concluding there was no reasonable probability that King would have entered a plea of guilty but for defense counsel's alleged deficiencies. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); ECF Nos. 99 at 5, 127. As such, it was reasonable for the Magistrate Judge to conclude that any deficiencies did not result in unfair prejudice to King. Therefore, the Court will adopt the recommendation to deny King's section 2255 motion without an evidentiary hearing.

### B. *Hodge* Claim

While the Court agrees with the Magistrate Judge's recommendation as to the claims specifically made in King's section 2255 motion, the Court will reject the Magistrate Judge's recommendation to vacate the convictions as to Count 14 and 17 of the Local Judgment because the claim is procedurally barred and because resolution of the legal issue will have no effect on King's sentence.

King filed his section 2255 motion on May 11, 2017. (ECF No. 85.) In that filing, King limited his claims exclusively to issues involving ineffective assistance of counsel. *See id.* At no point in King's section 2255 motion did he raise the Third Circuit's decision in *United*

---

[8] Given the deferential standard when reviewing attorney conduct, it was not unreasonable for King's attorney to focus on the four issues on appeal and ignore the coercion argument.

[9] Throughout the proceedings, King has sought to suppress his statements made to the police based on a theory of coercion. He filed a motion to suppress at trial, appealed the denial, and now argues in his section 2255 motion that defense counsel was ineffective by not "arguing the issue more aggressively." *See* ECF Nos. 4, 85-1, 88-1 at 3.) These actions indicate that King has maintained his innocence throughout the course of litigation, and thus, there is a not a reasonable probability he would have entered a guilty plea. *See United States v. Gonzalez-Rivera*, 217 F. App'x 166, 170 (3d Cir. 2007) (concluding, in part, that by defendant continually challenging the evidence supporting his conviction).

*States v. Hodge*, 870 F.3d 184, 198 (3d Cir. 2017).[10] The *Hodge* issue was first raised by the Government in their opposition brief. (ECF No. 98.) In response to King's 2255 motion, the Government, on its own accord, argued for the first time that the Court should vacate King's convictions on Counts 14 and 17 in light of the new substantive rule set out by the Third Circuit in *Hodge*. *See id.* at 8, 20. The Government noted that after *Hodge*, a defendant who commits multiple offenses using the same firearm during a single criminal episode can now only be convicted for one offense under 14 V.I.C. § 2253(a). *Id.* Therefore, since King was convicted for three separate counts pursuant to section 2253(a), the Government averred that two of King's three convictions under section 2253(a) must be vacated. *Id.*

Following the Governments' response, King did not seek leave to amend his original section 2255 motion, nor did he file a proposed amendment to his section 2255 motion. Instead, King simply filed a reply to the Government's response where he similarly asserted that under *Hodge*, "a defendant may only be convicted of one count of unlawfully possessing a firearm where only one firearm is used during a criminal episode." (ECF No. 99 at 8.) Accordingly, King concluded in his reply brief, that "two of King's three convictions under 14 V.I.C. § 2253(a) should be vacated, since all three relate to the same criminal episode." *Id.* In a subsequent filing, the Government asserted that, for jurisdictional purposes, the Court should not *sua sponte* vacate Count 14 or 17, but instead, should "construe the defendant's reply brief as a request to amend his Section 2255 petition to include an argument based on *Hodge*." (ECF No. 114 at 2.) The Government continued that if the reply was so construed, the Government would not object to the request to amend and would waive the one-year statute of limitations with respect to that claim. *Id.*

While it is unclear from the record whether the Magistrate Judge considered the *Hodge issue sua sponte* or construed King's reply as an amended 2255 motion, the Magistrate Judge ultimately agreed with the parties' argument that *Hodge* announced a new substantive rule, and therefore, the rule should be applied retroactively. (ECF No. 127.) As such, the Magistrate Judge recommended that the convictions pursuant to Count 14 and Count 17 of

---

[10] The Third Circuit's decision in *Hodge* was not announced until September 6, 2017. *See United States v. Hodge*, 870 F.3d 184, 198 (3d Cir. 2017).

the Local Judgment be vacated. *Id.* While the Court acknowledges the Magistrate Judge's recommendation regarding the *Hodge* issue, the Court finds that King's *Hodge* claim is procedurally improper and offers King no relief from his sentence or mitigation of collateral consequences.

As for the procedural problems, King did not raise the *Hodge* claim in his original section 2255 motion. Instead, it was the Government who first raised the claim in its response. *See* ECF No. 98. The respondents, of course, may not, for the first time, assert a claim for relief on behalf of the opposing party. *See Lawmaster v. Ward*, 125 F.3d 1341, 1351 n. 4 (10th Cir. 1997) (refusing to consider claims not in the Complaint). Additionally, as the Government correctly notes in its filing, it would likely be inappropriate for the Court itself to raise an affirmative ground for relief on King's behalf *sua sponte*.[11] *See Henderson ex rel. Henverson v. Shinseki*, 562 U.S. 428, 434 (2011) ("Courts do not usually raise claims or arguments on their own."); Barry A. Miller, *Sua Sponte Appellate Rulings: When Courts Deprive Litigants of an Opportunity to be Heard,* 39 SAN DIEGO L. REV. 1253, 1263 (2002) ("The most accepted ground for acting *sua sponte* is jurisdictional."); *see also Playing God: A Critical Look at Sua Sponte Decisions by Appellate Courts*, 69 Tenn. L. Rev. 245, 273 (2002) ("The fundamental premise underlying the adversary system is that a court is more likely to reach the "correct" decision because the advocates will uncover and present more useful information and arguments to the decision makers than the court would develop on its own."). Consequently, since it is procedurally improper for the Court or the Government to raise the claim, the only way the Court may consider the *Hodge* issue is if the Court construes King's reply brief as an amendment to his original section 2255 motion.[12]

---

[11] The Court notes that it did not identify any precedent indicating that the Court possesses the authority to *sua sponte* assert a new basis for relief on behalf of a pro se defendant in a section 2255 proceeding. The relevant precedent is almost exclusively limited to jurisdictional issues, affirmative defenses, and dismissals. *See e.g.,* § 28.9(b) Limits on relief under § 2255, 7 Crim. Proc. § 28.9(b) (4th ed.); *28 U.S.C. S 2255 Relief for Federal Prisoners*, 38 Geo. L.J. Ann. Rev. Crim. Proc. 942, 951–53 (2009).

[12] Given the constraints on successive 2255 motions, King's motion would be procedurally barred if the Court found that it was a second or successive 2255 motion. *See* 28 U.S.C. 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty

However, the Court will not construe King's reply brief as a motion to amend. While the Court is required to construe *pro se* defendant's filings liberally, "it is well established that new arguments cannot be raised for the first time in a reply brief," and thus, such claims are not properly before the reviewing court. *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 779–80 (D.N.J. 2013)*; see also Ethypharm S.A. France v. Abbott Labs.,* 707 F.3d 223, 231 n. 13 (3d Cir. 2013) ("We have consistently held that '[a]n issue is waived unless a party raises it in its opening brief, and . . . a passing reference to an issue . . . will not suffice to bring that issue before this court.'" (quoting *Laborers' Intern. Union of North Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (alterations in original)); *United States v. Barrett*, 178 F.3d 34, 57 (1st Cir. 1999) ("[i]nformal reference to a new claim in a [section 2255] reply brief will not suffice to raise a claim"); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (we "do not address arguments raised for the first time in a pro se litigant's reply brief"). This procedural requirement applies even when the Court is construing the filings of a *pro se* defendant in a section 2255 proceeding*. See U.S. v. Lee Vang Lor*, 706 F.3d 1252, 1256 (10th Cir. 2013) (a claim is waived by a pro se section 2255 petitioner if he raises his claim for the first time in his district court reply brief); *United States v. Berry,* 624 F.3d 1031, 1039 n. 7 (9th Cir. 2010); *Oliveiri v. United States*, 717 Fed. App'x 966, 977 (3d Cir. 2018) ("Oliveiri did not present this claim in his § 2255 motion, but rather raised it for the first time in his reply to the government's response. By doing so, he waived the claim.") (citing *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1351 n. 11 (11th Cir. 2009)). Therefore, even though the Government is willing to waive the ADEPA one-year statute of limitation requirement for new section 2255 claims and amendments, the Court nevertheless may not consider the new claim because, even if liberally construed, the reply brief does not constitute a section 2255 amendment. As such, the *Hodge* claim was not properly raised in the original 2255 motion or an appropriate amendment, and thus may not now be considered as a basis for relief by this Court.

---

of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the *Supreme Court*, that was previously unavailable.") (emphasis added).

*United States v. King*
Case No. 3:13-cr-0010
Memorandum Opinion
Page 11 of 13

Even if the Court ultimately concluded that it was procedurally proper to review King's *Hodge* claim, the Court need not consider the merits of the argument in light of the concurrent sentence doctrine. *See Jones v. Zimmerman*, 805 F.2d 1125, 1128 (3d Cir. 1986); *Judge v. United States*, 119 F. Supp. 3d 270, 282 (D.N.J. 2015). Under the concurrent sentence doctrine, the court has the "discretion to avoid resolution of legal issues affecting less than all of the counts in an indictment where at least one count will survive and the sentence [] on [that challenged] count is concurrent." *United States v. Mckie*, 112 F.3d 626, 628 n. 4. (3d Cir. 1997) (*quoting United States v. Am. Inv'rs of Pittsburgh, Inc.*, 879 F.2d 1087, 1100 (3d Cir. 1989)); *See Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 104 (3d Cir. 2017) (declining to review various habeas claims under the concurrent sentence doctrine); *see also Benton v. Maryland*, 395 U.S. 784, 791-92, 793 n. 11 (1969) (recognizing that the concurrent sentence rule may have "continuing validity as a rule of judicial convenience," especially in the post-conviction relief context). However, the Court will only invoke the concurrent sentence doctrine where it is clear a defendant will not suffer collateral consequences from the multiple convictions. *See U.S. v. Clemons*, 843 F.2d 741, 743 n. 2 (3d Cir. 1988) (citing *Jones*, 805 F.2d at 1128); *McKie*, 112 F.3d at 628 n. 4. ("The concurrent sentence doctrine may not be invoked where a defendant may suffer collateral consequences from the multiple convictions."); *U.S. v Lampley*, 573 F.2d 783, 788 (3d Cir. 1978) ("The [concurrent sentence] doctrine clearly involves a matter of discretion . . . and should not be applied where there is a significant risk of greater adverse collateral consequences from multiple convictions.") (internal citation omitted)

In this instance, King is serving a fifteen-year general sentence for his convictions under Counts 10, 14, and 17 of the Local Judgment. (ECF No. 81.) All three convictions are pursuant to 14 V.I.C. § 2253(a). *Id.* An offense pursuant to section 2253(a) carries a mandatory minimum of 15 years. *See* 14 V.I.C. § 2253(a) ("imprison[ment] not less than fifteen (15) years" if the firearm was used during the commission of a "crime of violence"). Only two counts will be vacated if King obtain the relief he seeks. *See* ECF No. 99. Thus, even if King's *Hodge* claim is successful, his length of sentence would not be reduced given that the remaining count carries a mandatory minimum equal to the current sentence imposed

*United States v. King*
Case No. 3:13-cr-0010
Memorandum Opinion
Page 12 of 13

for all three convictions.[13] Additionally, King has not identified, nor has the Court found, any collateral consequences that arise from his convictions under count 14 and 17 that do not already result from King's seven other felony convictions,[14] let alone collateral consequences that rise to the level of "custody" for habeas purposes.[15] In other words, even if Counts 14 and 17 should be vacated, King offers no real-world consequence that would result if the Court granted his request. Collateral consequences would not be mitigated, and King's term of confinement would not be reduced. Thus, there is no need to review the merits of the *Hodge* claim given that there is no utility in granting the relief requested here. *See Parkin v. United States*, 565 Fed. App'x 149, 152 (3d Cir. 2014) Accordingly, the Court will not address the merits of whether the convictions as to Counts 14 and 17 of the local judgment should be vacated as it believes it prudent to conserve judicial resources for "more pressing needs." *See Jones*, 805 F.2d at 1128. Consequently, to the extent King's reply brief can be construed as an amended motion seeking to vacate two of his three firearm convictions pursuant to the Third Circuit decision in *Hodge*, the motion is denied.

### III. CONCLUSION

The Court will adopt the Report and Recommendation, in part, as the Court finds there was no plain error in the Magistrates Judge's recommendation to deny Defendant's

---

[13] It appears that King did not receive a longer sentence because he was convicted on multiple counts pursuant to 14 V.I.C. § 2253(a). On the contrary, the record indicates that the Court's decision to issue a concurrent sentence for these three offenses reflects the Court's awareness that these charges involved the same conduct. *See* ECF No. 81.

[14] Of particular note, the only fine imposed in the local judgment is a $ 25,000 assessment on Count 10. (ECF No. 81.) Thus, there would be no fines eliminated if the Court vacated Counts 14 and 17. *Cf. Ray v. United States*, 481 U.S. 736, 737 (1987) (holding that the concurrent sentence doctrine does not apply where the total amount of the monetary assessment is dependent on the validity of each of the convictions). Additionally, there is no indication that King's parole eligibility would be affected by maintaining these two convictions. *See Jones*, 805 F.2d at 1128 (impaired parole eligibility is basis for not applying the collateral sentence doctrine); *see also* Collateral Consequences Inventory (Virgin Islands) https://niccc.nationalreentryresourcecenter.org/consequences (last visited December 13, 2022) (listing the various collateral consequences for certain types of local Virgin Islands offenses).

[15] *See U.S. v. Ross*, 801 F.3d 374, 379 (3d Cir. 2015) ("The Supreme Court has distilled a three-part test for deciding what constitutes custody: the restraints on the petitioner must be (1) severe, (2) immediate (*i.e.,* not speculative), and (3) not shared by the public generally) (citing *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist.,* 411 U.S. 345, 351–53 (1973)). There is no indication that King's "custody" status would be impacted by vacating Counts 14 and 17.

section 2255 motion without an evidentiary hearing. Defense counsel's conduct never fell below an objectively reasonable standard during the course of the litigation, both at the trial level and on appeal. Furthermore, even assuming arguendo that certain conduct was unreasonable, such conduct did not unfairly prejudice King.

However, the Court will reject the recommendation to vacate Counts 14 and 17 of the Local Judgment. Not only is King's *Hodge* claim procedurally barred given that it was first raised in his reply brief, but the proposed remedy also provides no real-world relief for King. The remedy fails to mitigate collateral consequences and also fails to shorten King's term of confinement. As such, the Court will deny both King's properly filed habeas petition and his reply brief to the extent it can be construed as a properly filed 2255 amendment.

An appropriate Order follows.

**Dated:** August 10, 2023        /s/ *Robert A. Molloy*
                                  **ROBERT A. MOLLOY**
                                  **Chief Judge**